YOUNG'S ADM'R.
*vs*
SMALL.

*Wickliffe* for plaintiff: *S. R. Bullock* for defendants.

---

DETINUE.

Case 44.

## Young's administrator *vs* Small.

ERROR TO THE MASON CIRCUIT.

October 14.

*Slaves. Reversion. Limitation.*

JUDGE MARSHALL delivered the opinion of the Court.

Case stated.

IN 1826, Thomas Young, being the owner of a female slave, Fan or Fanny, placed her in possession of his niece, wife of John Morris, and executed to Morris a writing, the exact tenor of which is not certain, but which conveyed at least a right to the possession and services of the girl for two years, or until she should be twenty-one years of age: whether it made no further disposition of her, or whether it declared that she should then be or was then to be free, is uncertain. The evidence on the subject is contradictory. In 1834, about two years before the expiration of the gift to Morris and wife, John Morris, by writing under seal, sold and conveyed the time and services of Fanny from the day of the date, (1st of October, 1834,) till the 1st day of November, 1836, when, as the writing says, she will be twenty-one years of age; and it proceeds to say: "the said Small, by virtue of these presents, is entitled to control and enjoy the services of the said negro woman as a slave until the said 1st day

of November, 1836, and then and forever thereafter the said negro woman, Fanny, is to be free;" and Morris guarantyed to Small the services of said negro woman, as above expressed, from the claim or claims of all, &c.

While Fanny was in the possession of Small under his transfer, and probably a few months only before the time had expired, she had a male child, who remained with his mother for a few months at Smalls, and was then taken to the house of its grand-mother, a free woman of color, who resided a mile or a mile and a half from Small's farm, where he remained until a few months before this suit was brought; while the mother was taken into possession by Young at the expiration of the gift, and remained with him until his death, a few months afterwards. In July, 1842, the present action of detinue was brought by Young's administrator against Small to recover the child of Fanny, born as aforesaid.

If the deed from Young to Morris made no disposition of Fanny after the expiration of the interest given to Morris and wife, then, upon well settled principles, the reversion remained in the donor, and the child, born during the particular estate, belonged to him as a part of that reversionary interest; and as in that case Small had no shadow of claim to the child, there would be no presumption that it was held in possession by its grand-mother for the benefit of Small, but the possession would be presumed to be in and for the rightful owner, and Small could not avail himself of the lapse of time to defeat this action, except upon express proof of adverse claim and possession by and for himself after the termination of the interest created by the deed from Young to Morris. The possession by him previous to that time, could not be made to invalidate Young's title, but in fact being held under it, gave it strength; and the subsequent possession by the grand-mother did not and could not enure to the benefit of Small, unless expressly held for him, but enured to the benefit of Young, unless it was held expressly under assertion of an adverse claim, that is, under claim of ownership independently of, and therefore adversely to him. If, on the other hand, the deed from Young to Morris did not emancipate Fanny at the expiration of the

The increase of a slave born during the continuance of a particular estate, belongs to the reversioner, and an adverse possession short of five years after the termination of the particular estate, will not bar the right of the reversioner.

Young's Adm'r,
vs
Small.

interest therein granted, the question whether a child, born in the interval, belongs to the donor or to the donee, or his transferee of the particular estate would depend upon the nature and quality of the interest or property given or granted to the particular tenant. If Young gave the absolute ownership of Fanny or the absolute property in her to Morris for two years, or until she should be twenty-one years of age, and declared that she was then to be free, or that she should then be free, retaining no interest whatever in himself; as this would have been a prospective emancipation, and Young would have had no reversionary or other interest whatever in Fanny after the execution of the deed, the child born in the interval must either have been free with its mother, which seems to be negatived by various decisions of this Court in case of devises of female slaves for particular periods, at the end of which they are to be free, or else the child must belong to the person who was proprietor of the particular interest when it was born; which, (though apparently inconsistent with those decisions which determine that in case of a devise of a female slave to one for life, with remainder over, the children born during the life estate pass to the remainderman in virtue of the devise of the mother to him,) seems to be the unavoidable conclusion from the other class of cases just referred to, and which, as being directly applicable to the subject of emancipated slaves, should govern this case.

The deed itself from Young to Morris was not produced in evidence, and as already stated, its exact terms are not entirely certain: but the evidence conduces to prove, that they were the same as those contained in the deed from Morris to Small; and assuming that to be the case, the question is, whether, as Young expressly gave the time and services, and possession and control of the slave till a particular period, it can be said, that any right or interest remained in, or was impliedly reserved to himself, in virtue of which the child, born during the continuance of the interest which he conveyed to Morris, would belong to him and not to the holder of that interest at the time when it should be born? Was the full and absolute right of property granted for the time limited, or

A transfer of the use of a slave for a particular period, does not transfer or vest in the grantee any right to the increase of such slave, but the right to such increase remains with the grantor, though the mother is to be free at the expiration of such period.

was only a special property granted for that time? And does the grant of the time and services and possession of a female slave, for a particular period, include also an absolute right forever to the fruit of all the faculties and properties of the slave during the same period? Does such a grant confer a greater interest in the child than the grantee has in the mother, whose time and services alone are granted? The cases which decide, that the child of a female slave, born during the continuance of an estate for life in the mother, pass to the remainderman, decide also in effect, that such child is not to be regarded as one of the incidental fruits of the right to the temporary use and service of the mother to which the tenant for life is entitled; and if so, it would seem that a grant or gift of the mere use and services of a slave during a particular period, should not be considered as including a child born during that period; and as the right to the child would not pass by the grant of subsequent freedom to the mother, if it was not granted to the first donee as a part of, and incident to the temporary use of the mother, it remained of course in the grantor. Such, we are inclined to believe, should be the constructive effect of the grant now in question, which conveys a limited property not only in regard to time, but also in regard to the thing itself—a mere right to the services of the mother as a slave during the time specified.

Whether the deed from Young to Morris contained this clause, as to the freedom of Fanny or not, is a question of fact proper for a jury, as is also the question as to the terms of the conveyance. The effect of those terms is a question of law; and we are of opinion, that if the deed granted only the services and possession of Fanny to Morris for the time specified, and declared that she was then to be free or should then be free, it did not grant any child or children which she might have in the interval, but the right to such child or children remained in the grantor, Young, and on his death passed to his administrator—in which case the same principles would apply in regard to the possession, and the appplication of the statute of limitations as if there was no declaration of freedom.

The opinions of the Circuit Court, in giving and over-ruling instructions on this subject, were entirely incon-sistent with these principles, and must be deemed erro-neous.

Wherefore, the judgment is reversed and the cause re-manded for a new trial conformably to the principles of this opinion.

*McElroy & Taylor* for plaintiff: *Hord and Morehead & Reed* for defendant.

---

TRESPASS.